**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CATHERINE COCHRANE, on her own behalf and
all similarly situated individuals,

            Plaintiff,

-vs-                                      Case No. 2:11-cv-245-FtM-36SPC

LETTUCE FEED YOU, INC., a Florida profit
corporation, WILLIAM BARNWELL, individually,

            Defendants.
_____

## ORDER

This matter comes before the Court on Plaintiff's Notice of Voluntary Dismissal of Claims With Prejudice (Doc. #19) filed on June 13, 2011. This is a FLSA case in which Plaintiff requests that her claims be dismissed with prejudice, yet it appears that a settlement has occurred in this matter. The parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Therefore, the parties should submit a Joint Motion to Approve the Settlement with the settlement documents. The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

With regard to attorney's fees, the Court recognizes the ruling in <u>Bonetti v. Embarq. Mgmt. Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. Counsel should indicate whether the settlement of the attorney's fees was independent and in seriatim in order to forego the necessity to file copies of billing records with their settlement documentation.

Accordingly, it is now

**ORDERED:**

Plaintiff's Notice of Voluntary Dismiss of Claims With Prejudice (Doc. #19) is **taken under advisement**. The Parties shall have up to and including **July 15, 2011** to submit their settlement documentation.

**DONE AND ORDERED** at Fort Myers, Florida, this   15th    day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The <u>Bonetti</u> Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.